UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STALIN JUNIOR FERMIN JAVIER,

                    Petitioner,

        v.                                                          **DECISION AND ORDER**

PHILIP RHONEY, et al.,[1]                                  6:26-cv-06076-EAW

                    Respondents.

_____


Petitioner Stalin Junior Fermin Javier ("Petitioner"), a citizen of the Dominican Republic who alleges he entered the United States on July 21, 2018, as a B2 visitor, is a civil immigration detainee seeking relief under 28 U.S.C. § 2241, claiming that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1; Dkt. 6). Petitioner alleges that he overstayed his visa, and was later detained by ICE on June 30, 2025, after he accidentally made a wrong turn and arrived at the U.S./Canada border. (Dkt. 6 at ¶ 2). Petitioner is being held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York. (*Id.* at ¶ 6).

---

[1]    Tammy Marich is no longer the Acting Field Office Director. She has been replaced by Philip Rhoney. And Mr. Rhoney is no longer the Acting Deputy Field Office Director. He has been replaced by James Bausch. The Clerk of Court is therefore directed to update the docket to substitute Mr. Rhoney for Ms. Marich, and Mr. Bausch for Mr. Rhoney, pursuant to Federal Rule of Civil Procedure 25(d).

Respondents have moved to dismiss the petition on the ground that Petitioner was already afforded a bond hearing, and he is not entitled to a second one either statutorily or constitutionally.  Respondents expressly argue that Petitioner has not been detained long enough to invoke his right to a bond hearing under *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020).  (Dkt. 9).  For the reasons set forth below, the motion to dismiss is denied and the petition is granted to the extent Petitioner seeks a bond hearing.

The facts appear undisputed:  Petitioner, who has no criminal convictions, is detained pursuant to 8 U.S.C. § 1226(a); on September 2, 2025, Petitioner was denied a bond before an immigration judge based on Petitioner's alleged risk of flight; and on October 17, 2025, Petitioner was ordered removed by an immigration judge but that order is not final as Petitioner is pursuing an appeal before the Board of Immigration Appeals. (Dkt. 6 at ¶¶ 3-5; Dkt. 9-1 at 2).

Utilizing the three-factor balancing test provided in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Second Circuit recognized in *Velasco Lopez* that a noncitizen incarcerated pursuant to 8 U.S.C. § 1226(a) for 15 months was entitled to a bond hearing where the government bore the burden to establish by clear and convincing evidence that he should be detained.  978 F.3d at 855.  Although the court did not establish a bright-line rule "for when due process entitles an individual detained under § 1226(a) to a new bond hearing with a shifted burden," the court nonetheless held that "[o]n any calculus" the 15-month incarceration in that case violated due process.  *Id.* at 855 n.13.

The three *Mathews* factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the

procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

Applying the *Mathews* factors to this case, the Court concludes that due process requires Petitioner to be afforded a second bond hearing at which the government bears the burden to prove risk of flight or danger by clear and convincing evidence.

Considering the first *Mathews* factor, there is no question that "the private interest affected by the official action is the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 at 851. Petitioner has been detained almost 9 months in a facility that is similar to a prison. *See Singh v. Barr*, No. 1:19-CV-01096 EAW, 2020 WL 1064848, at *10 (W.D.N.Y. Mar. 2, 2020) (finding six years ago based on then-current conditions that same facility did not "seem meaningfully different from at least a low-security penal institution for criminal detention"). Based on recent published media reports, the conditions at the BFDF appear less than ideal. *See*, *e.g.*, Lowell Rose, *ICE Detainee Population in Batavia Exceeds Capacity as Concerns Over Conditions Surface*, WHAM (Feb. 25, 2026), https://13wham.com/news/local/ice-detainee-population-in-batavia-exceeds-capacity-as-concerns-over-conditions-surface-immigration-and-customs-enforcement ("ICE statistics for fiscal year 2026 — which began Oct. 1, 2025 — confirm the facility is currently housing 745 detainees despite having a reported capacity of 650 beds."). Petitioner is detained not because of any criminal conviction, but because he could not establish sufficiently before an immigration judge that

he is not a flight risk.  Respondents argue that there is no indication Petitioner is being held

with convicted criminals (Dkt. 12 at 4), but in fact that appears to be exactly the case given

that individuals being held pursuant to 8 U.S.C. § 1226(c) are held in the same facility.

Thus, this factor weighs heavily in Petitioner's favor.

As to the second factor, the Court also finds that this weighs heavily in favor of

Petitioner.  No matter what level of due process may have been sufficient at the time

Petitioner was initially detained, "'as the period of . . . confinement grows,' so do the

required procedural protections. . . ." *Velasco Lopez*, 978 F.3d at 853 (quoting *Zadvydas v.*

*Davis*, 533 U.S. 678, 701 (2001)).  The only interest to be considered in connection with

this second factor "is that of the detained individuals—not the government."  *Black v.*

*Decker*, 103 F.4th 133, 152 (2d Cir. 2024).  The government attempts to argue in opposition

to the petition that the bond hearing afforded Petitioner early on in the proceedings was

sufficient to address any risk of erroneous detention (Dkt. 12 at 5-7),[2] but the Court cannot

conclude on the current record that the process afforded Petitioner was adequate.  A bond

hearing at which the government must establish that Petitioner should be detained because

of his flight risk, for which no adequate conditions can protect against, has obvious value.

This is particularly the case where, in the current climate, "the government has been . . .

---

[2]    Petitioner's papers could have been more robust and thorough.  There are gaps in the record, not the least of which includes further details concerning the initial bond hearing held before the immigration judge.  While not an excuse, the Court also recognizes that challenges exist for all involved due to the significant influx of habeas petitions in this District.  Therefore, while under better circumstances the Court may have required a more robust record to be set forth in connection the current petition, in light of the interests at stake—the detention of an individual with no criminal record for almost 9 months under the present circumstances—it has excused those deficiencies.

'chang[ing] the rules by fiat.'" *Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579, 600 (W.D.N.Y. 2025) (citation omitted).

Finally, as to the third factor, the Court also finds this favors Petitioner. The government cites the immigration judge's finding of flight risk at the bond hearing where Petitioner bore the burden of proof. (Dkt. 12 at 7-8). And the government's interest in "ensuring that noncitizen[s] do not abscond" is a legitimate one. *Velasco Lopez*, 978 F.3d at 854. But as recognized by the Second Circuit, "the Government has not convinced us that requiring it to justify [a petitioner's] detention by clear and convincing evidence substantially undermines its legitimate interests or entails an undue administrative burden." *Id.* at 854-55. In other words, "[w]hen the Government incarcerates individuals it cannot show to be a poor bail risk for prolonged periods of time, as in this case, it separates families and removes from the community breadwinners, caregivers, parents, siblings and employees. The Government articulates no public interest that any of this serves and we see none." *Id.* at 855.

Accordingly, the Court finds that procedural due process protections require Petitioner to be afforded a second bond hearing conducted in accordance with the following requirements:

1.    Petitioner shall be granted a bond hearing before an immigration judge ("IJ") on or before March 30, 2026. If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2.      The government shall have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.  In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3.      If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4.      Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5.      Respondents are directed to file a status update with the Court on or before March 31, 2026.

        SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:          March 20, 2026
                Rochester, New York

- 6 -